UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EARL BALFOUR,

                Petitioner,                Case Number 2:05-CV-72189
                                                Honorable Denise Page Hood

v.

BLAINE C. LAFLER,

                Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO
UNCONDITIONALLY GRANT WRIT OF HABEAS CORPUS [DKT. 47]**

On April 30, 2013, the Court granted Petitioner a conditional writ of habeas corpus. The Court stated: "It is hereby ORDERED that Petitioner be afforded an evidentiary hearing in the trial court to determine whether juror Julie Gunning was biased. The evidentiary hearing must be held within ninety (90) days from the entry of this Order or ninety (90) days after any appellate review is final, whichever date is later. If the hearing is not held within that time, Respondent is ordered to release Petitioner from custody."

Petitioner attached a transcript of a hearing held before the state trial court within the ninety-day time limit on July 18, 2013. Petitioner indicated to the trial court that his counsel was supposed to have appeared, but that since his counsel did not appear, he indicated he "ought to have a Public Defender." (Doc. #47, Pg ID 4235) Petitioner also indicated to the trial court that he was not notified of the hearing until the previous night and had no contact with his counsel. (Doc. #47, Pg ID 4236) The trial court indicated that Petitioner's counsel had notice of the date and time set for the hearing and that, "whether she's here or not, that's something between you and your attorney." (Doc. #47, Pg ID

4237) Petitioner indicated to the trial court that he had paperwork from his counsel that the trial judge hearing the matter was not to hear the case. The trial judge responded, "And I'm hearing it; am I not, Mr. Balfour," without further explanation. (Doc. #47, Pg ID 4237) The transcript shows that juror Julie Gunning was placed under oath and questioned by the prosecutor and trial court regarding whether she had been biased during her service on Petitioner's trial. At the conclusion of the hearing, the trial court found that Gunning had not been biased.

Petitioner's motion asserts that he is entitled to an unconditional grant of habeas relief because he was not represented by counsel at the hearing. The record of the hearing shows that the trial court inquired about the whereabouts of Petitioner's retained attorney, Rosemary A. Gordon, but Petitioner indicated that he had just learned of the hearing the day before and had not spoken with her. The trial court stated that his attorney had been informed of the date and time of the hearing, and that if she was not present, that was a matter between Petitioner and his attorney. Petitioner requested the appointment of counsel. The trial court denied the request, and Petitioner was left to represent himself at the hearing.

"A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) (internal quotation omitted). The question before the Court is whether the trial court's decision to force Petitioner to proceed at the hearing without counsel violates the conditional writ.

When a petitioner alleges noncompliance with a conditional writ, "the district court

must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate." *Phifer v. Warden, United States Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 865 (7th Cir. 1995). In making this determination, the district court may consider whether the state's actions ran afoul of the "letter or spirt of the conditional writ." *Patterson v. Haskins*, 470 F.3d 645 (6th Cir. 2006). A district court may decline to issue an unconditional writ where the state fails to comply with the precise language of the conditional writ if the district court determines that the state has substantially complied with the conditions. *Santos-Rosario v. Renico*, No. 05-cv-70456, 2006 U.S. Dist. LEXIS 14074, 2006 WL 847111, * 1-2 (E.D. Mich. March 30, 2006) (Rosen, J). "The real thrust of [a conditional writ] is to alert the state court to the constitutional problem and notify it that the infirmity must be remedied." *Smith v. Lucas*, 9 F.3d 359, 367 (5th Cir. 1993).

The constitutional violation here identified in the conditional writ was the trial court's failure to a hold a hearing to determine whether a juror was actually biased after the prosecutor failed to disclose information suggesting bias as required by *Smith v. Phillips*, 455 U.S. 209, 218-221 (1982). *Smith* holds that where information comes to light suggesting juror partiality, due process requires a hearing to be held in which the defendant has the opportunity to prove actual bias. *Id.,* at 215-216. During such a hearing the trial court must "determine the circumstances, the impact thereof upon the juror, and whether or not [they were] prejudicial, *in a hearing with all interested parties permitted to participate*." *Remmer v. United States*, 347 U.S. 227, 230 (1954)(emphasis added). In light of this language, an argument certainly can be made that a defendant has a right to counsel at a *Remmer* hearing. It would be odd indeed if a defendant could be denied counsel at such a hearing simply because (if Petitioner's allegations are true) a prosecutor

was able to hide his knowledge of a potentially biased juror until such time as the defendant no longer had a right to counsel.

What happened in the underlying trial is troubling. Petitioner's biased juror claim had some prima facie validity to it.  Petitioner's habeas counsel, Rosemary A. Gordon, filed an affidavit with the petition, stating:

> That during the David Balfour trial, Erik Reinholdt [an assistant prosecuting attorney] went into the courtroom during jury selection and noticed Julie Gunning in the jury box.  That he asked both Byron Konschuh and Timothy Turkelson [the trial prosecutors] about Julie Gunning being on the jury and whether they had disclosed the fact to defense counsel and the court that they knew her. They told him that they weren't going to tell anyone because she would be helpful to them and if the defense counsels were too stupid to ask, they weren't going to tell.

Gordon Affidavit, para. 5-7.

One would have expected in light of these allegations that assistant prosecutors Reinholdt, Turkelson, and Konschuh would have testified at the hearing regarding their relationship with Gunning.  This Court's opinion noted that there was evidence that these assistant prosecutors knew the juror Gunning and that they intentionally failed to disclose this fact to the trial court and the defense during voir dire.  The fact that the assistant prosecuting attorney handling the juror bias hearing did not call these assistant prosecutors, and the fact that Petitioner was not afforded counsel who likely would have attempted to call them, suggest a less than thorough attempt to establish all the surrounding facts the trial court could have considered in its determination whether Gunning was biased.

On the other hand, criminal defendants have no right to counsel in state post-conviction review proceedings. See *Coleman v. Thompson*, 501 U.S. 722, 752-53

(1991). Nor did Petitioner have a right to counsel in his federal habeas proceeding. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). However, if an evidentiary hearing is required during federal habeas proceedings, counsel must be appointed. Rule 8(c) of the Rules Governing Section 2254 Cases. Michigan's rules also direct a trial court to appoint counsel in post-trial hearings requiring an evidentiary hearing. "Counsel *must* be appointed if the court directs that oral argument or an evidentiary hearing be held." MCR 6.505(A). This provision does not require a request for counsel by the Petitioner (although he did request counsel prior to the hearing which was responded to by the trial court that the matter was between Petitioner and his counsel), but instead directs the trial court to appoint counsel if oral argument or an evidentiary hearing will be held. Although this Court did not explicitly state in the conditional writ that Petitioner must be afforded counsel at the hearing, the Court was not required to do so since it has no authority to appoint counsel in a state court proceeding. However, as noted above, the Michigan rule directs the trial court to appoint counsel if an evidentiary hearing is held. The trial court failed to appoint counsel on behalf of Petitioner prior to proceeding with the evidentiary hearing contrary to the express language of MCR 6.505(A) directing the trial court to do so. *See Martinez v. Ryan,* 132 S.Ct. 1309, 1319 (2012)(Citing Michigan's Rule 6.505(A) providing appointment of counsel in claims requiring an evidentiary hearing.) Even without such a rule, the trial court had the discretion to appoint Petitioner counsel, especially in light of the allegation that the assistant prosecutors during voir dire failed to disclose their relationship with juror Gunning.

The Court finds most troubling the fact that Petitioner was not represented by counsel at the hearing and that the trial court made light of Petitioner's request for counsel. The Court's review of the hearing transcript indicates a mere *pro forma* hearing on the

-5-

claim at issue, without regard to Petitioner's right to counsel under Michigan Rule 6.5015(A) and the role that the assistant prosecutor's lack of candor during voir dire may have had in the retention of Gunning as a juror in the underlying trial. As officers of the court, prosecutors have the obligation to disclose any information they have which may implicate the fairness of the underlying trial at issue. The Court finds that Respondent failed to comply with the "letter or spirit" of the conditional writ to remedy any constitutional issue identified in the conditional writ as juror bias.

Accordingly,

Petitioner's motion to unconditionally grant writ of habeas corpus **[Dkt. #47]** is **GRANTED.** The writ is stayed during the time within which the Respondent may file a notice of appeal with the Sixth Circuit Court of Appeals. If no stay of this Order is granted by the Sixth Circuit within 60 days from the entry of this Order, the writ of habeas corpus must be executed and Respondent immediately release Petitioner from custody.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: December 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager