UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EARL BALFOUR,

        Petitioner,        Case Number 2:05-CV-72189
                                                      Honorable Denise Page Hood

v.

BLAINE C. LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR BOND OR IMMEDIATE EXECUTION OF THE WRIT [DKTS. 54 AND 57], AND GRANTING RESPONDENT'S MOTION TO SEAL STATE CORRECTIONAL RECORDS [DKT. 56]**

On April 30, 2013, the Court granted Petitioner a writ of habeas corpus conditioned on the state trial court holding a hearing to determine whether a juror during Petitioner's trial was biased. The state trial court held a pro-forma hearing in which Petitioner was not represented by counsel, had no advance notice, and therefore had no realistic opportunity to present evidence to support his claim.

Petitioner then moved for entry of an unconditional writ on the grounds that the state court failed to comply with the terms of the conditional writ. On December 31, 2013, the Court granted Petitioner's motion. The order states in pertinent part:

> Petitioner's motion to unconditionally grant writ of habeas corpus [Dkt. #47] is granted. The writ is stayed during the time within which the Respondent may file a notice of appeal with the Sixth Circuit Court of Appeals. If no stay order is granted by the Sixth Circuit within 60 days from the entry of this Order, the writ of habeas corpus must be executed and Respondent immediately release Petitioner from custody.

On January 9, 2014, Respondent filed a notice of appeal, and then on January 14,

2014, Respondent filed a motion to stay. On May 14, 2014, the Sixth Circuit granted the motion to stay and denied Petitioner bond, stating that this Court should determine in the first instance whether Petitioner is entitled to bond, and that if the Court denies release, Petitioner may renew his motion in the Sixth Circuit.

Rule 23(c) of the Federal Rules of Appellate Procedure provides that when a decision ordering the release of a prisoner is on appeal, the prisoner must be released unless the court orders otherwise. While this rule creates "a presumption of release pending appeal where a petitioner has been granted habeas relief," the presumption can be overcome. *O'Brien v. O'Laughlin*, 130 S. Ct. 5, 6 (2009). In deciding whether to stay an order granting habeas corpus relief pending appeal, the court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Under the first *Hilton* factor, the court must consider whether Respondent has made a strong showing that it is likely to succeed on the merits. Respondent states that his argument on appeal will be the Court erred in finding that Respondent had not complied with the "letter or spirit" of its conditional writ because Petitioner did not have an attorney to represent him at the hearing. Respondent claims the Court in its ruling did not state explicitly that the hearing must be conducted with an attorney representing Petitioner. Nor

-2-

did the Court explicitly state that the witnesses called at the hearing be put under oath, or that the proceedings should be recorded, or that it be presided over by a duly elected or appointed judge. Respondent claims that the state court complied with the requirement of a fair hearing.

As this Court has previously described, Petitioner alleges that the trial prosecutor concealed the fact that a juror was biased due to her association with other prosecutors in Macomb County. The assertion was not made of whole cloth. Rather, it was supported by a statement of yet another prosecutor who stated that he learned of the juror's potential bias and the trial prosecutor's intention not to reveal the bias during the jury selection process on the day of trial. Based on this, the Court initially granted the writ conditioned on the trial court holding a hearing under *Remmer v. United States*, 347 U.S. 227, 230 (1954) (Where information comes to light suggesting juror partiality, due process requires a court to "determine the circumstances, the impact thereof upon the juror, and whether or not [they were] prejudicial, in a hearing with all interested parties permitted to participate.").

At the *Remmer* hearing, it is true that Petitioner - himself - was permitted to participate. But it cannot fairly be said that the hearing was conducted in a way to determine the circumstances of the potential bias, the impact, or the resulting prejudice. Rather than explore Petitioner's supported allegations of an association between the juror and the prosecutor's office and the trial prosecutor's expressed decision not to inform Petitioner about that association, only the juror testified at the hearing. Petitioner, a farmer, was left to conduct his own cross-examination of the witness. And if his protests at the beginning of the hearing are true, he had no notice that the hearing would occur on that day. That is, he had no opportunity to subpoena the prosecutors alleged to have engaged

in the misconduct or otherwise support his claims. It is difficult to see how Respondent will overcome the uniquely and fundamentally unfair circumstances in which the *Remmer* hearing was conducted. Based on the Court's reading of *Remmer*, and in light of the facts of this case, the Court concludes that Respondent has not made a strong showing that he is likely to succeed on the merits.

Next, the Court must consider whether the Respondent will be irreparably injured absent a stay. In deciding this factor, the Court must consider the possibility of flight and any risk posed to the public by Petitioner's release pending Respondent's appeal. *Hilton*, 481 U.S. at 777. Respondent argues that Petitioner presents a danger to the community because the instant case involves a brutal murder in which there is no question of Petitioner's factual guilt. Respondent further argues that even if this Court's unconditional grant is upheld, the state can still retry Petitioner, and given the evidence of his guilt, he will still be subject to a mandatory life sentence.

This Court agrees that the prospect Petitioner will ultimately avoid a life sentence creates a high potential for him to flee should he be released on bond. The Court also agrees that given the nature of Petitioner's crime–for which there is little question of his factual guilt–Petitioner poses a threat to other members of the public. The second *Hilton* factor weighs in favor of Respondent.

Third, the court must consider whether issuance of a stay will substantially injure Petitioner. Petitioner is obviously injured by his continued confinement pursuant to a constitutionally infirm conviction. However, as Respondent correctly notes, it is likely that Petitioner will ultimately face a life sentence. Even if this Court's unconditional grant is upheld the State will likely retry Petitioner, and given the evidence of his guilt, it is probable

-4-

that Petitioner will again be convicted of first-degree murder and sentenced to mandatory life imprisonment. Accordingly, this factor weighs in favor of Respondent.

The fourth *Hilton* factor requires consideration of where the public interest lies. At best, Petitioner remains in the position of a person charged with first-degree murder. As far as the public interest is concerned, Petitioner should not be placed in a more advantageous position than a pretrial detainee. In Michigan, bail routinely is denied defendants charged with first-degree murder. See Mich. Const. Art. I, § 15(b) (denying bail "where proof is evident or the presumption great" to all "persons … indicted for, or arraigned on a warrant charging, murder or treason"); MICH. COMP. LAWS § 765.5 (stating that "no person charged with treason or murder shall be admitted to bail if the proof of his guilt is evident or the presumption great"). It would be unusual to allow Petitioner to be free on bail while the state is pursuing a good faith appellate remedy to reinstate his first-degree murder conviction when Petitioner was not free on bail prior to his conviction. This factor favors Respondent as well.

Although the first factor weighs in Petitioner's favor, the other three factors counter against bail pending appeal in this case.

The Court notes that Petitioner does not oppose Respondent's motion to seal.

For the foregoing reasons, Petitioner's motions for bond or immediate execution of the writ [Dkts. 54 and 57] are therefore **DENIED**,



Respondent's motion to seal state correctional records [Dkt. 56] is **GRANTED**.

Respondent may file the records under seal pursuant to the CM/ECF procedures.

    So **ORDERED**.


                      S/Denise Page Hood  
                      Denise Page Hood  
                      United States District Judge

Dated:  October 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2014, by electronic and/or ordinary mail.

                      S/LaShawn R. Saulsberry  
                      Case Manager